```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DAMON WHEELER,                            :
                    Plaintiff,            :
                                          :       ORDER ADOPTING REPORT
v.                                        :       AND RECOMMENDATION
                                          :
P.O. DeYOUNG, P.O. G. NEILSON,            :       16 CV 8857 (VB)
SGT. MAGSAMEN, and THE CITY OF            :
MIDDLETOWN,                               :
                    Defendants.           :
--------------------------------------------------------x
```

Briccetti, J.:

Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("R&R"), dated September 14, 2017 (Doc. #36), on defendants' motion to dismiss the complaint. (Doc. #20). Judge Smith recommended that the motion be granted in part and denied in part.

Familiarity with the factual and procedural background of this case is presumed.

For the following reasons, the Court adopts the R&R as the opinion of the Court.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections

1

have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

None of the parties has objected to Judge Smith's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the R&R is adopted in its entirety as the opinion of the Court.

With respect to plaintiff's state law claims (if any), the motion to dismiss is GRANTED. The state law claims (if any) are dismissed without prejudice to re-filing after the service of a notice of claim, to the extent service of the notice of claim is timely and the assertion of such state law claims is not barred by the applicable statutes of limitations.

With respect to plaintiff's Section 1983 claims for unlawful search, false arrest, and malicious prosecution, plaintiff's criminal conviction for obstruction of governmental administration arising out of his arrest on April 26, 2014, would bar those claims. However, because the conviction is currently on appeal, all proceedings in this case are STAYED pending the outcome of the criminal appeal. To the extent the motion is based on defendants' assertion of res judicata and collateral estoppel, the motion is DENIED.

By no later than December 29, 2017, plaintiff is ORDERED to inform the Court by letter of the status of his criminal appeal. In addition, by no later than 14 days after the resolution of the appeal, plaintiff is ORDERED to inform the Court of such resolution. Finally, plaintiff is reminded that he must promptly notify the Court in writing if his address changes. Failure to

comply with these orders may result in dismissal of the case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to mail a copy of this Order to plaintiff at the address on the docket.

The Clerk is instructed to terminate the motion. (Doc. #20).

Dated: November 14, 2017
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge